UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDRE JEROME PARKS,

    Petitioner,

v.                                                CASE NO. 6:09-cv-1817-Orl-36GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 14).

Petitioner alleges four claims for relief in his habeas petition: (1) the trial court lacked subject matter jurisdiction over his case; (2) trial counsel rendered ineffective assistance by denying him his right to testify; (3) the trial court erred when it failed to adjudicate him guilty; and (4) the trial court erred when it imposed a lien upon him without first determining whether he had the ability to pay restitution. For the following reasons, the Court finds that Petitioner is not entitled to relief on his claims.

I.   *Procedural History*

Petitioner was charged in state court case number 02-10344 with one count of aggravated child abuse and one count of second degree murder. Petitioner was subsequently indicted on September 10, 2002, in the same case for first degree felony murder (count one) and aggravated child abuse (count two). Petitioner was also charged in state court case number 02-13668 with one count of aggravated child abuse. The cases were consolidated for trial, and in case number 02-10344, Petitioner was convicted of the lesser included offense of manslaughter for count one and to the lesser included offense of child abuse for count two. Petitioner was convicted in case number 02-13668 as charged. The trial court sentenced Petitioner to a fifteen-year term of imprisonment for the manslaughter conviction, to a term of one year and one day for the child abuse conviction, and to a twenty-five year term of imprisonment for the aggravated child abuse conviction. The trial court ordered the sentences to run concurrent to each other. Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner then filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The trial court summarily denied the motion. On appeal, the Fifth District Court of Appeal affirmed *per curiam*. The instant federal petition for writ of habeas corpus follows.

II.   *Legal Standards*

    A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Patton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Calliper*, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010) (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134;

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

### B. *Standard for Ineffective Assistance of Counsel*

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Strickland*, 466 U.S. at 687-88; *see also Bobby Van Hook*, 130 S. Ct. 13, 16 (2009). A habeas court's review of a claim under the *Strickland* standard is "doubly

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayanze*, 129 S. Ct. 1411, 1420 (2009) (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id.* A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir. 1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

*III.   Analysis*

   *A.   Claim One*

Petitioner alleges that the trial court lacked subject matter jurisdiction over his case because the indictment does not allege all of the essential elements of the charges. Respondents argue that this claim is unexhausted because it was not raised as a federal constitutional claim in the state court.

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citations omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

Petitioner raised claim one in his Rule 3.850 motion for post-conviction relief (App. C at 1-29). The Court has reviewed Petitioner's post-conviction motion and finds that Petitioner did cite to United States Supreme Court precedent in arguing that when a court lacks subject matter jurisdiction, any judgment entered is null and void and can be set aside at any time. *Id.* at 8. Petitioner also cited to the Fifth and Fourteenth Amendment of the

United States Constitution and argued that the defective information violated his due process rights. *Id.* at 10. As such, the Court finds that Petitioner's claim was exhausted in the state courts.

Turning to the merits of Petitioner's claim, the Court finds that Petitioner has not demonstrated that he is entitled to relief. The trial court denied the instant claim, finding that the indictment was sufficient to invoke the trial court's subject matter jurisdiction (App. C at 35). On appeal, the Fifth District Court of Appeal affirmed *per curiam*. *Id.* at 69.

The indictment in state court case number 02-10344 stated the following:

> The Grand Jurors of the County of Orange, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Orange, upon their oaths do present that Andre Jerome Parks on the 12th day of August, 2002, in Orange County, Florida, did in violation of Florida Statute 782.04(1)(a)(2)(h) and 827.032(2)(c), and while Andre Jerome Parks was engaged in the perpetration of Aggravated Child Abuse, kill Andre Parks, Jr., aka Andre Lloyd, a child under the age of eighteen years of age by doing an intentional act that could reasonably be expected to result in physical injury to Andre Parks, Jr., aka Andre Lloyd, to wit: the application of blunt force trauma to the head or the shaking of Andre Parks, Jr., aka Andre Lloyd, causing great bodily harm and death.

> <u>COUNT II</u>

> And the Grand Jurors of the County of Orange, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Orange, upon their oaths do further present that Andre Jerome Parks, on the 12th day of August, 2002, in Orange County, Florida, did knowingly or willfully in violation of Florida Statute 827.03(2)(c), inflict physical injury upon Andre Parks, Jr., aka Andre Lloyd or did an intentional act that could reasonably be expected to result in physical injury to Andre Parks, Jr., aka Andre Lloyd, a child under the age of 18 years, to wit: the application of blunt force trauma to the head or the shaking of Andre Parks, Jr, aka Andre Lloyd, causing great bodily harm.

(App. A at 16). Florida Rule of Criminal Procedure 3.140(b) provides that "[t]he indictment or information upon which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Furthermore, Rule 3.140(d)(1) states that each count of the indictment or information shall not only allege the essential facts but also shall recite the statute, rule, or regulation that the defendant is alleged to have violated. Additionally, no indictment or information will be dismissed or judgment arrested "on account of any defect in the form of the indictment . . . unless the court shall be of the opinion that the indictment . . . is so vague, indistinct, and indefinite as to mislead the accused or embarrass him . . . in the preparation of a defense." Fla. R. Crim. P. 3.140(o).

Petitioner contends that the indictment was defective because it did not include all of the elements of the charged crimes. In Florida, "[w]hen a court lacks subject matter jurisdiction, it has no power to decide the case and any judgment entered is absolutely null and void, can be set aside and stricken from the record on motion and any time, and may be collaterally attacked." *Waggy v. State*, 935 So. 2d 571, 573 (Fla. 1st DCA 2006). Moreover, the Supreme Court of Florida has held that a charging document is fundamentally defective "where it fails to allege one or more essential elements of an offense . . . ." *Jaimes v. State*, 51 So. 3d 445, 449 n.3 (Fla. 2010) (citing *State v. Gray*, 435 So. 2d 816, 818 (Fla. 1983) (when an indictment omits one or more of the essential elements of the crime, it fails to charge a crime under the laws of the state)). The elements of felony murder are (1) the victim is dead, (2) the death occurred as a consequence of and while the defendant was

engaged in the commission of a felony, in this case, aggravated child abuse; and (3) the defendant was the person who killed the victim. Fla. Stat. § 782.04(1)(a); Fla. Std. Jury (Crim) Instr. 7.3. The elements of aggravated child abuse are (1) the defendant knowingly touched or struck the victim and in doing so, (2) caused great bodily harm, resulting in death. Fla. Stat. § 827.03(2); Fla. Std. Jury (Crim) Instr. 16.1.

In the instant case, the indictment listed all of the elements of each crime. Although Petitioner alleges that the indictment does not list what specific act caused the injury and death to the victim, the indictment states that the intentional act resulting in great bodily injury and death was the application of blunt force trauma to the victim's head or shaking of the victim. Petitioner has not shown that the indictment requires further specificity of the acts that caused the victim's injury and death. Moreover, there is no indication that the indictment was so vague or indefinite as to mislead Petitioner in the preparation of a defense. The Court finds that no essential element of either crime was omitted from the indictment. Thus, because the indictment was not defective and did properly charge Petitioner with two crimes under the laws of Florida, the trial court had subject matter jurisdiction over Petitioner's case.

Petitioner has not demonstrated that the state court's determination of this claim was contrary to, or involved an unreasonable application of, clearly established federal law. Accordingly, claim one is denied pursuant to § 2254(d).

    **B.**    *Claim Two*

In Petitioner's second claim he alleges that trial counsel rendered ineffective

assistance by denying him his right to testify. Petitioner asserts that defense counsel coerced him into giving up his right to testify when he told Petitioner that he would withdraw from the case if he insisted on testifying (Doc. No. 1 at 30-31). Petitioner raised this ground in his Rule 3.850 motion for post-conviction relief (App. C at 23-25). The trial court summarily denied the claim, finding that it was refuted by the plea colloquy the court conducted with Petitioner regarding his right to testify during trial. *Id.* at 36. The Fifth District Court of Appeal affirmed *per curiam*. *Id.* at 69.

Criminal defendants have a right to testify on their own behalf. *Rock v. Arkansas*, 483 U.S. 44, 50-51 (1987); *Harris v. New York*, 401 U.S. 222, 230 (1971). The right to testify is personal to a criminal defendant, and this right cannot be waived by the court or defense counsel, although defense counsel bears the responsibility for advising a criminal defendant of his right to testify or not testify and the strategic implications of each choice. *United States v. Teague*, 953 F.2d 1525, 1533 (11th Cir. 1992); *see also McGriff v. Dep't of Corr.*, 338 F.3d 1231, 1238 (11th Cir. 2003). To protect a defendant's right to testify, defense counsel must inform the defendant that he has a right to testify or not to testify, the strategic implication of each choice, and that the defendant must ultimately decide for himself whether to testify. *See Nichols v. Butler*, 953 F.2d 1550, 1553 (11th Cir. 1992).

At trial, the court conducted the following colloquy with Petitioner regarding his right to testify:

The Court: Let me just address it while we're there and I'm thinking of it.

Mr. Parks, you understand that it's entirely your decision as to whether or

not to testify in this case. Do you understand that, sir?

The Defendant: Yes, Sir.

The Court: Okay. And you understand, of course, you want to rely upon and listen to advice from your attorney in that matter. Have you done that in this case? Have you listened to Mr. Fussell's opinions and recommendation on this matter?

The Defendant: Yes, sir.

The Court: Has he told you that you could not testify?

The Defendant: No, sir.

The Court: All right. And you understand that you're allowed to disagree with him with respect to whether you should or shouldn't?

The Defendant: Yes, sir.

The Court: After consulting with him, it is your decision, and your decision alone, not to testify?

The Defendant: Yes, sir.

The Court: Has any pressure been put on you, or any coercion?

The Defendant: No, sir.

The Court: And you think this is in your own best interest?

The Defendant: I chose [sic] not to testify.

The Court: Okay. I just want to make sure. So you're doing this knowingly and voluntarily; is that correct?

The Defendant: Yes, sir.

The Court: All right. Thank you.

(App. A at 19-20). Later in the proceedings, the trial court again told Petitioner that he

could change his mind and testify at any point before the defense rested its case. *Id.* at 23. Petitioner stated that he understood. *Id.* Petitioner also stated on the record that he was satisfied with defense counsel's performance and the way he conducted the pre-trial investigation and the trial. *Id.* at 24.

Petitioner stated on the record that he understood the decision to testify was his decision alone and that he could testify even if defense counsel had advised him against it. Petitioner told the court it was his decision not to testify. Petitioner also stated that he had not been coerced or pressured into giving up his right to testify. Petitioner's statements to the state trial court carry a strong presumption of truth, and Petitioner has not demonstrated that this Court should overlook those statements. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Petitioner had the opportunity to inform the trial court that defense counsel had purportedly pressured or coerced him into giving up his right to testify and had allegedly threatened to withdraw from representation if he chose to do so. However, Petitioner did not do so. Petitioner is bound by his sworn answers to the trial court and cannot now allege that he committed perjury during the plea colloquy because his attorney instructed him to lie to the trial court. *Iacono v. State*, 930 So. 2d 829, 831-32 (Fla. 4th DCA 2006) (holding that a defendant is bound by his sworn answers to the trial court and may not later assert that he committed perjury during the colloquy because his attorney told him to lie).

Petitioner has not shown that any actions on the part of counsel resulted in prejudice. As such, the state court's determination of this claim was not contrary to, nor

did it result in an unreasonable application of, clearly established federal law. Accordingly, claim two is denied pursuant to § 2254(d).

### C. Claim Three

Petitioner claims that the trial court erred when it failed to orally adjudicate him guilty during the sentencing proceeding. Respondents argue that the instant claim is unexhausted. As the Court noted, *supra*, in order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*, 513 U.S. at 365 (citations omitted); *McNair*, 416 F.3d at 1302. A petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden* 135 F.3d at 735. After reviewing the record, the Court agrees that Petitioner did not cite to federal law or the United States Constitution when arguing this claim in his Rule 3.850 motion for post-conviction relief (App. C at 26-27). Petitioner only cited to state cases and relied upon Florida statutes in arguing this ground. *Id.* The Court finds that claim three remains unexhausted.

Moreover, the Court is precluded from considering this claim, as the claim would be procedurally defaulted if Petitioner returned to state court. *Smith v. Sec'y Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas

relief.")). Petitioner could not return to the state court to raise this ground because he already filed a Rule 3.850 motion and a second Rule 3.850 motion would be untimely and successive at this point. Fla. R. Crim. P. 3.850(b) & (f). Thus, Petitioner's claim is procedurally defaulted.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense, in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Furthermore, the Supreme Court of the United States recently held, in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), that a prisoner may establish cause for the procedural default

of an ineffective assistance of counsel claim because it was not raised in an initial or first post-conviction motion if: (1) the state court did not appoint counsel in the initial-review collateral proceeding or (2) if counsel was appointed in the initial-review proceeding but failed to raise the claim. It is arguable that Petitioner's failure to properly exhaust the instant claim was because the state court did not appoint counsel during his Rule 3.850 proceeding. As such, the Court finds that Petitioner has demonstrated cause for the procedural default of this claim pursuant to *Martinez*. However, Petitioner must also show that the defaulted claim is substantial, or in other words, that the claim has some merit. 130 S. Ct at 1319.

The Court concludes that Petitioner has not demonstrated that the instant claim is substantial. Florida courts have held that while "an oral in-court adjudication of guilt is unquestionably desirable, certainly customary, . . . [it is ] not essential to the validity of the judgment where there is a written judgment of guilty rendered by the judge in open court and subsequently filed and recorded." *Ramos v. State*, 43 So. 3d 141, 142 (Fla. 3d DCA 2010) (quotation omitted). Although the trial court did not orally adjudicate Petitioner guilty before pronouncing his sentence, a written judgment of guilt was entered in open court (App. A at 86-89). Accordingly, Petitioner is unable to show cause and prejudice for the procedural default of this claim because it is not substantial. Therefore, the Court is barred from reviewing this claim.

### D.    Claim Four

Petitioner alleges that the trial court erred when it imposed restitution or a lien upon

him without first determining whether he had the ability to pay restitution. Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. C at 28). The trial court denied the claim, finding it was procedurally barred because it should have been raised on direct appeal. *Id.* at 37. The Fifth District Court of Appeal affirmed *per curiam*. *Id.* at 69.

A *per curiam* affirmance of a trial court's finding of procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990); *see also Ferguson v. Sec'y Dep't of Corr.*, 580 F.3d 1183, 1218 (11th Cir. 2009). "[T]he clear inference to be drawn from the appellate court's per curiam affirmance of the trial court's decision explicitly based on procedural default is that the court accepted not only the judgment but the reasoning of the trial court." *Harmon*, 894 F.2d at 1273. Therefore, this Court will apply the state procedural bar.

As noted *supra*, procedural default will be excused only in two circumstances: (1) if a petitioner can show cause and prejudice or (2) actual innocence. *Wright*, 169 F.3d at 703; *Henderson*, 353 F.3d at 892. Petitioner has not shown either cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Accordingly, the Court is barred from reviewing claim four.

Additionally, to the extent the Court could consider the merits of the instant claim,

the Court finds that Petitioner has not demonstrated that he is entitled to relief. Although Petitioner contends that the trial court should have determined that he had the ability to pay restitution before imposing it, in Florida a defendant's ability to pay a restitution order is a factor to be considered at the time of enforcement and not at the time the restitution is imposed. *State v. Shields*, 31 So. 3d 281, 282 (Fla. 2d DCA 2010) (citing *Hector v. State*, 784 So. 2d 1207, 1208 (Fla. 2d DCA 2001)). The Court finds that the trial court did not err by imposing restitution; the issue can be raised in the state court at the time the restitution order is enforced.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.     *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of

appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Andre Jerome Parks (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 22nd day of October, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 10/22
Counsel of Record
Andre Jerome Parks